JOHN D. KIRBY (CSB 149496)
ATTORNEY AT LAW
1010 Second Avenue, Suite 1850
San Diego, California 92101
(619) 557-0100 (Phone)
(619) 557-0123 (Fax)

Attorney for FRANCISCO DEL TORO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANCISCO DEL TORO (1),<br><br>    Defendant. | CASE NO. 08 cr 0899-BTM<br><br>POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS FOR:<br>(1) DISCOVERY;<br>(2) SUPPRESS STATEMENTS<br>(3) LEAVE TO FILE FURTHER MOTIONS<br><br>Date: May 9, 2008<br>Time: 1:30 p.m. |

I.

**THE INDICTMENT**

Mr. Del Toro is charged in a three-count indictment with: (1) conspiracy to bring in aliens for financial gain; and (2) bringing in aliens for financial gain (two counts).

II.

**MR. DEL TORO IS ENTITLED TO DISCOVERY**

This motion is not limited to those items that the prosecutor knows of, but rather includes all discovery that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies", under United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir. 1989). Mr. Del Toro moves for discovery of the following:

(1)    **Mr. Del Toro's statements**. Under Fed. R. Crim. P. 16 (a)(1)(A) a defendant is entitled to disclosure of: all copies of any written or recorded statements made by the defendant; the substance of any statements made by the

1

- 08 cr 0899-BTM

defendant that the government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements that the government intends to introduce at trial; any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings that were given to the defendant (See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P.16(a)(1)(A). The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal all of the defendant's statements, whether oral or written, regardless of whether the Government intends to introduce those statements at trial;

(2)     **Reports of Scientific Tests or Examinations.** Pursuant to Fed. R. Crim. P.16(a)(1)(D), Mr. Del Toro requests the reports of all tests and examinations conducted upon any evidence in this case. This request includes any financial or other data that has been examined, or tabulated, or otherwise tested;

(3)     **Brady Material.** Mr. Del Toro requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Brady v. Maryland, 373 U.S. § 83 (1963). Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(4)     **Any Information that May Result in a Lower Sentence under the United States Sentencing Guidelines (U.S.S.G.).** As discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). This request includes any information that could affect any base offense level or

specific offense characteristic under Chapter Two of the U.S.S.G. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the U.S.S.G.;

(5) **The Defendant's Prior Record.** Evidence of prior record is available pursuant to Fed. R. Crim. P.16(a)(1)(B);

(6) **Any Proposed 404(b) Evidence.** Evidence of prior similar acts is discoverable under Fed. R. Crim. P.16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Mr. Del Toro requests that such notice be given eight weeks before trial in order to give the defense time to adequately investigate and prepare for trial;

(7) **Evidence Seized.** Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P.16(a)(1)(C);

(8) **Request for Preservation of Evidence.** Mr. Del Toro specifically requests that any physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relates to the prosecution in this case be preserved. This request includes, but is not limited to, any "dispatch" or other tapes, samples used to run any scientific tests, and any evidence seized from any third party. It is requested that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, including disputed tapes, and if it does exist, to inform those parties to preserve any such evidence;

(9)   **Tangible Objects.**  Mr. Del Toro requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs, of building or places or copies of portions thereof that are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant;

(10)   **Evidence of Bias or Motive to Lie.**  Mr. Del Toro requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988). Such evidence can include prior statements, business dealings, or actions;

(11)   **Impeachment Evidence.**  Mr. Del Toro requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant.  See Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under Brady v. Maryland, supra. See, United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

(12)   **Evidence of Criminal Investigation of Any Government Witness.**  Mr. Del Toro requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.) cert. denied, 474 U.S. 945 (1985);

(13)   **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.**  Mr. Del Toro requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the

truth is impaired. Mr. Del Toro also requests any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

(14) **Witness Addresses.** Mr. Del Toro requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175,1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). Mr. Del Toro also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984);

(15) **Name of Witnesses Favorable to the Defendant.** Mr. Del Toro requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164,1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

(16) **Statements Relevant to the Defense.** Mr. Del Toro requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

(17) **Jencks Act Material.** The defense requests pre-trial production of all Jencks material to expedite cross-examination and to avoid lengthy recesses

during trial. Mr. Del Toro asserts that a verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act;

(18) **Giglio Information.** Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Mr. Del Toro requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony or other assistance in this case, and all other information that could arguably be used for the impeachment of any government witnesses;

(19) **Personnel Records of Government Officers.** Mr. Del Toro requests all citizen complaints and other related internal affairs documents involving any of the law enforcement officers who were involved in the investigation of him, pursuant to Pitchess v. Superior Court, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source;

(20) **Government Examination of Law Enforcement Personnel Files.** Mr. Del Toro requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Mr. Del Toro requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). The obligation to examine files arises by virtue of the defense making a demand for their review: The Ninth Circuit in Henthorn remanded for in camera review of

the agents' files because the government failed to examine the files of agents who testified at trial.  This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory prior to trial;

  21. **Notice and a Written Summary of Any Expert Testimony**

  Under Rule 16(a)(1)(E), "[a]t the defendant's request, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial.  This summary must describe the witness' opinions, the basis and the reasons therefore, and the witness' qualifications."  Mr. Del Toro specifically requests the government give them a written summary and notice of any expert testimony that the government intends to introduce.  This request includes any government agent who will testify to any opinion.

II.

<u>MR. DEL TORO'S STATEMENTS SHOULD BE SUPPRESSED</u>

  The Supreme Court has held that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination.  <u>Miranda v. Arizona</u>, 384 U.S. 436, 444 (1966).

  This Court must first examine whether Mr. Del Toro was in custody when he was questioned; then it must determine if any questioning constituted interrogation.  If this Court determines that Mr. Del Toro was subjected to custodial interrogation, then it must determine if the government's agents complied fully with <u>Miranda</u>'s dictates.

  **1.** **Mr. Del Toro Was In Custody When He Was Questioned.**

  Custody is defined in the <u>Miranda</u> context as a situation in which the suspect reasonably believes he is not free to leave.  <u>United States v. Estrada-Lucas</u>, 651 F.2d 1261, 1265 (9th Cir. 1980).  In other words, a person is in custody if he has been arrested

or otherwise deprived of his freedom of action in any significant way.  See Orozco v. Texas, 394 U.S. 324, 327 (1969).

Mr. Del Toro was arrested at his home and then transported to the Federal Building in San Diego, and was not free to leave at the time he made his statement.  He was placed in an interrogation room and questioned by agents.  Any argument that he was not in custody would be meritless.

### 2. Mr. Del Toro was Interrogated by the Arresting Agents.

The second prong of the Miranda test is interrogation.  The definition of interrogation was established in Rhode Island v. Innis, 446 U.S. 291 (1980):  words or actions by law enforcement officers "reasonably likely to elicit an incriminating response."  This court should look to the context of the questioning to determine whether an incriminating response was sought.  For example, routine questioning about biographical information has been held to be interrogation when the questions are asked by Border Patrol agents who suspect the target of their questions of being a deported alien.  United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1047 (9th Cir. 1990); United States v. Equiha-Juarez, 851 F.2d 1222, 1225-27 (9th Cir. 1988).

The agents' report clearly indicates that agents initiated the interview and questioned Mr. Del Toro fully about his knowledge of the illegal aliens found in his home and other alien smuggling activity they suspected him of engaging in.  These questions were clearly "reasonably likely to elicit an incriminating response".  The second part of the Miranda has been satisfied.

### 3. The Government Must Show It Complied With Miranda Before Interrogating Mr. Del Toro

In deciding Miranda v. Arizona, 384 U.S. 436 (1966), the United States Supreme Court recognized that custodial interrogation presents such a serious threat to accused persons' Fifth Amendment right against self-incrimination that it directed law enforcement officers to take great pains to protect those rights.  Thus, government

agents must show that they warned Mr. Del Toro of his full panoply of rights regarding interrogation <u>before</u> any custodial interrogation begins.

### 4. The Government Must Prove That All Of Mr. Del Toro's Statements Were Voluntary Before They May Be Admitted Into Evidence.

Even when the procedural safeguards of <u>Miranda</u> have been satisfied, a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession. <u>Jackson v. Denno</u>, 378 U.S. 368, 387 (1964). The government bears the burden of proving that a confession is voluntary by a preponderance of the evidence. <u>Lego v. Twomey</u>, 404 U.S. 477, 483 (1972).

A statement must be the product of a rational intellect and free will to be voluntary. <u>Blackburn v. Alabama</u>, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was overborne, the totality of the circumstances must be considered. <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 226 (1973). A confession is deemed involuntary whether coerced by physical intimidation of psychological pressure. <u>Townsend v. Sain</u>, 372 U.S. 293, 307 (1962). It must not be extracted by any sort of threats of violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence. <u>United States v. Tingle</u>, 658 F.2d 1332, 1335 (9th Cir. 1981).

### III.
### LEAVE TO FILE FURTHER MOTIONS

Counsel for Mr. Del Toro requests leave to file further motions as appropriate in this matter.

## IV.

## CONCLUSION

Mr. Del Toro asks this Court to grant his motion for discovery and suppression of his post-arrest statements, and also grant him leave to file further motions.

Dated:   April 25, 2008            Respectfully submitted,

                                   JOHN D. KIRBY


                                   /S/ JOHN D. KIRBY
                                   Attorney for Defendant FRANCISCO DEL TORO